**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEVE SCHNECK, ) <br> ) <br> Plaintiff, ) <br> ) Case No:  4:16-cv-01865 <br> v. ) <br> ) **JURY TRIAL DEMANDED** <br> COLLECTO, INC. D/B/A EOS CCA ) <br> ) <br> SERVE AT: ) <br> Registered Agent ) <br> CT Corporation System ) <br> 120 South Central Avenue ) <br> Clayton, MO 63105 ) <br> ) <br> and ) <br> ) <br> DOES 1-24 ) <br> ) <br> Defendants. ) | |

## COMPLAINT

Plaintiff Steve Schneck, by and through counsel, states as follows:

## INTRODUCTION

**1.** This is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA"), the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* ("MMPA"), as well as Missouri common law.

**2.** Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

**3.** This Court has jurisdiction over the TCPA claim under 47 U.S.C. § 227(b)(3). *Mimms v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740 (2012).  Venue is appropriate in this District

because Defendant conducts business in this District and a substantial portion of Defendant's illicit calls directed to Plaintiff occurred in this District.

4. Plaintiff's MMPA claim is subject to this Court's supplemental jurisdiction because those state-law claims are part of the same case or controversy as his TCPA claims pursuant to 28 U.S.C. § 1367(a) in that all of Plaintiff's claims relate to his allegation that Defendant engaged in unfair, misleading, and abusive collection communications aimed at pressuring to make payments on the alleged loan.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the TCPA.

6. Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant") is a Massechusetts corporation registered to conduct business in and maintaining a registered agent in the State of Missouri. *See* Records from the Missouri Secretary of State and Illinois Department of Financial and Proffesional Regulation, attached together as **Exhibit A**.

7. The principal business purpose of Defendant is the collection of debts in Missouri and elsewhere, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendants DOES 1-24 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown to Plaintiff and/or individuals acting on behalf of Defendant. One or more of these entities may be joined as parties once their identities are disclosed in discovery.

## FACTS

9. Defendant is a "debt collector," as defined by the FDCPA, 15 USC § 1692a(6), that regularly attempts to collect debts alleged to be due another from consumers using the mail and telephone.

10. Defendant had no prior business relationship, or any other relationship, with Plaintiff.

11. At no time relevant did Plaintiff expressly consent to being called by Defendant in any manner whatsoever, including calls from Defendant to Plaintiff's cellular telephone by way of an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

12. Beginning no later than June 2015, Defendant began to attempt to collect an alleged debt from Plaintiff. All operative facts giving rise to Plaintiff's claim against Defendants have occurred within the four years prior to this Complaint.

13. As part of its efforts to attempt to collect the purported debt from Plaintiff, Defendant employed the deceptive and abusive practices to collect the debt from Plaintiff. Specifically, as described more fully below, Defendant called Plaintiff's cellular telephone (251-***-6329) numerous times, caused Plaintiff's cellular telephone to ring with such frequency as to harass Plaintiff, failed to inform Plaintiff of that the purpose of the call was debt collection, and called using an artificial voice message/"automated attendant".

14. All Defendant's calls were placed to Plaintiff's cellular phone without obtaining his prior consent to do so by way of either an automated telephone dialer system ("ATDS") or a pre-recorded or artificial voice.

15. Defendant is believed to have contacted Plaintiff on his cellular phone at least 3 to 6 times utilizing an autodialer around June 2015 alone, leaving a message on Plaintiff's cell phone for which Plaintiff incurred charges when he listened to them.

16. Upon information and belief, each call Defendant placed to Plaintiff's cellular telephone by using an ATDS and/or by using an artificial or prerecorded voice.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. When Plaintiff listened to the messages and took Defendant's calls from Defendant, he heard an artificial or prerecorded voice message delivered by Defendant. The artificial or prerecorded message indicated that Defendant was attempting to reach Plaintiff and deceptively prompted Plaintiff to press a button on his phone to speak to one of Defendant's live representatives with the following message:

> "[Defendant] has called because we [Defendant] have received documents in a complaint with your name attached.  If you wish to find out what the nature of this complaint is, you may . . . press 9 to be connected to a client representative. . . Your complaint number attached is [redacted]."

19. Plaintiff never provided his cellular telephone number to Defendant and never expressly consented to being contacted by Defendant on his cellular telephone using an ATDS or an artificial or prerecorded voice.

20. Plaintiff's cellular telephone number called by Defendant is a number for which Plaintiff incurs charges for incoming calls as well as listening to messages.  Plaintiff purchases limited, pre-paid minutes per month for his cellular phone out of concern for his personal finances.

21. Mr. Schneck has incurred cellular telephone charges due to Defendant's conduct.

**22.** Plaintiff was at his place of employment during the time when he received most, if not all, of Defendant's harassing calls. As a direct consequence of the Defendant's call, business practices, and conduct, Plaintiff suffered from distraction on the job, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**23.** Plaintiff has suffered concrete harm as contemplated by Congress when it passed the TCPA as well as actual damages as a result of the Defendant's unlawful conduct.

**24.** Plaintiff incurred attorneys' fees for advice regarding his situation, including who he should pay any amount to, if anyone, and how Defendant may have obtained his information.

**25.** Plaintiff incurred charges against his cellular phone account for the time expended handling Defendant's harassing calls.

**26.** Plaintiff suffered other harms, including invasions of privacy and violations of his statutory rights, the diminished value and utility of his telephone equipment and telephone subscription services (i.e., the value of such equipment and services is higher when unencumbered by repeated and harassing robocalls), the amounts of time lost answering and fielding the spam calls, the wear and tear on their telephone equipment, and the loss of battery, which becomes diminished with each incoming phone call, and the loss of battery life (which has a finite number of charging cycles).

**27.** As a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### COUNT I: VIOLATIONS OF THE MMPA – UNFAIR & DECEPTIVE CONDUCT

**28.** Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

29. The alleged loan between Defendant's client and Plaintiff created a relationship that extended through the life of the loan.

30. Defendant acted as agents and/or de facto employees of an alleged creditor regarding a loan in order to service the loan at issue through the above-described conduct.

31. The relationship between Defendant and Plaintiff was, therefore, in connection with the sale or advertisement of merchandise, namely the loan. *See Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 414-16 (Mo. banc 2014).

32. The relationship applied to the performance of duties related to the loan, including the collection of any unpaid amounts arising out of the sale of the loan.

33. Through the above-described conduct, Defendant's conduct was abusive and unfair in that Defendant caused Plaintiff's phone to ring repeatedly and with the intent to annoy and harass.

34. Through the above-described conduct, Defendant's conduct was harassing, abusive, and unfair in that it led Plaintiff to believe through Defendant's representation that a"complaint" had been filed against him when Defendant communicated to Plaintiff that they had a numbered "complaint" in their office that related to Plaintiff.

35. Through the above-described conduct, Defendant's conduct abusively and unfairly projected an artificial voice to Plaintiff through his cellular phone in connection with the collecton of amounts allegedly unpaid arising out of the sale of the loan.

36. Through the above-described conduct, Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions and unfair business practices when its agents repeatedly called Plaintiff and deceived Plaintiff during their telephone conversation in connection with the collecton of amounts allegedly unpaid arising out of the sale of the loan.

37. Through the above-described conduct, Defendant engaged in behavior the the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collecton of amounts allegedly unpaid arising out of the sale of the loan.

38. Defendant's misrepresentation and/or unfair business practices therefore occurred in connection with the enforcement of a sale of a loan.

39. Defendant made knowingly false statements and representations in an attempt to obtain a payment on the alleged debt.

40. Defendant's actions were thus wanton, willful, and in deliberate disregard of Plaintiff's rights justifying the imposition of punitive damages.

41. Defendant's misrepresentation and/or concealment caused Plaintiff an ascertainable loss of money in the amounts he paid, or caused to be paid, for attorneys' fees to defend against Defendant's unlawful collection lawsuit.

**COUNT II: VIOLATIONS OF THE MMPA TELEMARKETING PROVISIONS**

42. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

43. Plaintiff paid for telephone equipment and telephone services primarily for personal, family, or household purposes.

44. Under Mo. Rev. Stat. § 407.1076(3), [i]t is an unlawful telemarketing act or practice for any seller or telemarketer to . . . [c]ause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing.

45. Plaintiff is a "consumer" pursuant to Mo. Rev. Stat. § 407.1070(3) because he is a natural person and was solicited to purchase merchandise through telemarketing to the extent that Defendants attempted to service, set up deferments, or other modifications of the loan.

46. Defendant initiated telephone calls to Plaintiff as part of a plan or campaign that was conducted to service the prior sale of a loan produce and/or to induce the "purchase" of deferments, payments plans, or other modified loan terms through Defendants.

47. Thus, Defendant acted as "telemarketers" engaged in the "telemarketing" of "merchandise" to Plaintiff and the Class pursuant to Mo. Ann. Stat. §§ 407.1070(8), (12), (13).

48. Defendant's telemarketing practices constitute "unlawful telemarketing" under the MMPA because they willfully and repeatedly initiated telemarketing calls to Plaintiff.

49. A reasonable consumer such as Plaintiff would deem such calls to be annoying, abusive, and harassing.

50. Defendant's unlawful telemarketing calls directly and proximately caused to suffer the harm described more fully above.

## COUNT III:  VIOLATION OF THE TCPA

51. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

52. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone.

53. Plaintiff either never provide prior express consent to Defendant to call his cellular telephone number using an automatic telephone dialing system and/or by using a prerecorded or artificial message, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone using an automatic telephone dialing system and/or by using a prerecorded or artificial message.

54. Each of the aforementioned calls made by Defendant constitutes at least a negligent, if not an intentional violation of the TCPA, including the provisions of 47 U.S.C. § 227(b)(1)(A)(iii).

55. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an injunction and award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

56. As a result of each of Defendant's knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT IV: INVASION OF PRIVACY

58. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

59. The Restatement (Second) of Torts, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

60. Defendants intentionally intruded upon Plaintiff's right to privacy by continualy harassing Plaintiff with numerous calls via artificial voice to his cellular telephone that forced Plaintiff to listen to the artificial voice messaging without a meaningful way to stop Defendant's intrusions.

61. The conduct of Defendant in engaging in the illegal calls made to plaintiff's cellular telephone without his prior express consent or a prior business relationship with him resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

62. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

**63.** All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steve Schneck respectfully requests that this Court enter judgment against Defendant Collecto, Inc. d/b/a EOS CCA and in favor of Plaintiff on all Counts for:

1. Compensatory, punitive, and Such other damages as determined by the jury at trial for Counts I, II, and IV of Plaintiff's Complaint; and

2. Reasonable attorneys' fees expended upon Counts I and II, pursuant to REV. MO. STAT. § 407.025.1; and

3. Statutory—up to and including treble damages—and actual damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3), for Count III of Plaintiff's Complaint; and

4. Costs as well as for such other relief as this Court deems just and proper.

DATED:  November 23, 2016                              Respectfully Submitted,


                                        By:    /s/ Nathan D. Sturycz
                                               Nathan D. Sturycz, #61744MO
                                               100 N. Main, Suite 11
                                               Edwardsville, IL  62025
                                               Phone: 877-314-3223
                                               Fax: 888-632-6937
                                               nathan@mainstreet-law.com
                                               *Attorney for Plaintiff*